| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor:<br>CrossCountry Mortgage, LLC | Order Filed on October 10, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>John Kalymnios<br>Esther C. Kalymnios aka Ester Kalymnios<br>Debtors | Case No.: 25-17690 JKS<br><br>Hearing Date: 10/9/2025 @ 8:30 a.m.<br><br>Judge: John K. Sherwood |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: October 10, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtors:         John Kalymnios & Esther C. Kalymnios aka Ester Kalymnios
Case No.:        25-17690 JKS
Caption:         **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, CrossCountry Mortgage, LLC, holder of a mortgage on real property located at 315 Kensington Avenue, Norwood, NJ, 07648, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and David L. Stevens, Esquire, attorney for Debtors, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors are to obtain a loan modification by November 19, 2025, or as may be extended by an extension of the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor reserves the right to object to an extension of the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make post-petition payments in accordance with the terms of the loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the difference between the loss mitigation payment and the regular monthly payment for any post-petition months; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.